1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEON E. MORRIS,

11            Plaintiff,              No. CIV S-10-2069 GEB DAD P

12       vs.

13   TIM VIRGA, et al.,

14            Defendants.             ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis at this time.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1 the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2 be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4 § 1915(b)(2).

5                          **SCREENING REQUIREMENT**

6          The court is required to screen complaints brought by prisoners seeking relief

7 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff filed his original complaint on August 4, 2010.  Before the court had an opportunity to screen it, plaintiff filed an amended complaint.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any

1  time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Accordingly, the court will

2  screen plaintiff's amended complaint and allow the case to proceed in accordance with this order.

3          In his amended complaint, plaintiff has identified more than fifty defendants.  He

4  asserts numerous claims against prison officials, including denial of access to religious services,

5  denial of access to mail, denial of access to a notary public, denial of access to courts, unsanitary

6  food conditions, failure to protect/inciting other inmates to harm him, deliberate indifference to

7  his medical needs while he was on a hunger strike, deliberate indifference to his medical needs

8  with respect to a reduction in his pain medication, falsification of medical records, interference

9  with his ability to attend mental health care programs, unconstitutional double-celling,

10  retaliation, and so on.  Plaintiff's claims date back to conduct alleged to have occurred as far

11  back as 2007.

12  **DISCUSSION**

13          This court will not allow plaintiff to proceed in this action against more than fifty

14  named defendants when his claims against those defendants are wholly unrelated.  See Fed. R.

15  Civ. P. 18(a).  Plaintiff may pursue multiple claims against a single defendant, but he may not

16  pursue unrelated claims against different defendants.  See George v. Smith, 507 F.3d 605 (7th

17  Cir. 2007).  In George, a state prisoner sued twenty-four persons who had some role in his

18  confinement and alleged numerous violations of his constitutional rights.  In reviewing plaintiff's

19  "mishmash complaint," the Seventh Circuit Court of Appeals explained:

20         The controlling principle appears in Fed. R. Civ. P. 18(a):  "A
       party asserting a claim . . . may join, [] as independent or as

21         alternate claims, as many claims . . . as the party has against an
       opposing party."  Thus multiple claims against a single party are

22         fine, but Claim A against Defendant 1 should not be joined with
       unrelated Claim B against Defendant 2.  Unrelated claims against

23         different defendants belong in different suits, not only to prevent
       the sort of morass that this 50-claim, 24-defendant suit produced

24         but also to ensure that prisoners pay the required filing fees - for
       the Prison Litigation Reform Act limits to 3 the number of

25         frivolous suits or appeals that any prisoner may file without
       prepayment of the required fees.  28 U.S.C. § 1915(g).  George was

26         trying not only to save money but also to dodge that rule.  He

1    hoped that if even 1 of his 50 claims were deemed non-frivolous,
     he would receive no "strikes" at all, as opposed to the 49 that
2    would result from making 49 frivolous claims in a batch of 50
     suits.
3

4    Id. at 607.  See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both

5    commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-

6    10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in

7    Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with

8    Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH,

9    2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same).

10          The undersigned notes that the U.S. District Court for the Northern District of

11   California has denied plaintiff in forma pauperis status because he has "on three prior occasions,

12   while incarcerated or detained in any facility, brought an action or appeal in a court of the United

13   States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

14   upon which relief may be granted."  See Morris v. Woodford, No. C 07-4198 MJJ (PR), 2008

15   WL 906560, at *1 (N.D. Cal. Apr. 2, 2008).  The undersigned will grant plaintiff in forma

16   pauperis status in this case because his complaint includes plausible allegations that appear to fall

17   within the "imminent danger" exception to the three-strikes rule.  See Andrews v. Cervantes, 493

18   F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with

19   a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing

20   danger' standard and meet the imminence prong of the three-strikes exception.").  However, the

21   court will not allow plaintiff to bundle dozens of potential actions into one.

22          If plaintiff elects to proceed with this action by filing a second amended

23   complaint, he must comply with Rule 18 of the Federal Rules of Civil Procedure.  In addition,

24   although the Federal Rules adopt a flexible pleading policy, plaintiff's second amended

25   complaint must give fair notice to the defendants and must allege facts that support the elements

26   of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

1   Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

2   defendants engaged in that support his claims.  Id.  There can be no liability under 42 U.S.C.

3   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

5   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

6   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

7   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8           Plaintiff is informed that the court cannot refer to prior pleadings in order to make

9   his second amended complaint complete.  Local Rule 220 requires that an amended complaint be

10   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

12   Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

13   any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

14   each claim and the involvement of each defendant must be sufficiently alleged.

15                   **OTHER MATTERS**

16           Also pending before the court are two motions for appointment of counsel from

17   plaintiff.  The United States Supreme Court has ruled that district courts lack authority to require

18   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,

19   490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request

20   the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935

21   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22           The test for exceptional circumstances requires the court to evaluate the plaintiff's

23   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

24   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

25   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

26   common to most prisoners, such as lack of legal education and limited law library access, do not

1 | establish exceptional circumstances that would warrant a request for voluntary assistance of

2 | counsel.  In the present case, the court does not find the required exceptional circumstances.

3 | **CONCLUSION**

4 | Accordingly, IT IS HEREBY ORDERED that:

5 | 1.  Plaintiff's August 4, 2010 application to proceed in forma pauperis (Doc. No.

6 | 2) is granted.

7 | 2.  Plaintiff's September 3, 2010 application to proceed in forma pauperis (Doc.

8 | No. 10) is denied as unnecessary.

9 | 3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

10 | The fee shall be collected and paid in accordance with this court's order to the Director of the

11 | California Department of Corrections and Rehabilitation filed concurrently herewith.

12 | 4.  Plaintiff's amended complaint (Doc. No. 9) is dismissed.

13 | 5.  Plaintiff is granted thirty days from the date of service of this order to file a

14 | second amended complaint that complies with this order as well as the requirements of the Civil

15 | Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second

16 | amended complaint must bear the docket number assigned to this case and must be labeled

17 | "Second Amended Complaint"; failure to file a second amended complaint in accordance with

18 | this order will result in a recommendation that this action be dismissed without prejudice.

19 | 6.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

20 | civil rights action.

21 | 7.  Plaintiff's motions for appointment of counsel (Doc. Nos. 3 & 8) are denied.

22 | DATED: March 16, 2011.

23 |

24 |

25 | DAD:9

DALE A. DROZD

morr2069.14am

UNITED STATES MAGISTRATE JUDGE

26 |