IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

      Plaintiff,                    No. CIV S-10-2069 GEB DAD P

    vs.

TIM VIRGA, et al.,

      Defendants.      ORDER

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

/////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S SECOND AMENDED COMPLAINT

In his second amended complaint, plaintiff has identified more than thirty-five defendants at CSP-Sacramento, including the warden, sergeants, lieutenants, correctional officers, correctional counselors, medical personnel, and mail room staff. He asserts numerous claims against the prison officials, including retaliation, conspiracy, failure to protect, inadequate medical care, improper double-celling, and so on. Plaintiff summarily alleges that the defendants have violated his constitutional rights all because he has previously filed inmate appeals against them at some point during his incarceration. (Sec. Am. Compl. 5-5N.)

## DISCUSSION

The court will dismiss plaintiff's second amended complaint and grant him leave to file a third amended complaint that complies with the Federal Rules of Civil Procedure and the instructions provided herein. This will be the final such opportunity the court will provide plaintiff. As an initial matter, as the court previously advised plaintiff, this court will not allow him to proceed in this action against dozens of defendants when his claims against those defendants are wholly unrelated to one another. See Fed. R. Civ. P. 18(a). Plaintiff may pursue multiple claims against a single defendant, but he may not pursue unrelated claims against different defendants. See George v. Smith, 507 F.3d 605 (7th Cir. 2007). In George, a state

prisoner sued twenty-four persons who had played some role in his confinement and alleged numerous violations of his constitutional rights. In reviewing plaintiff's "mishmash complaint," the Seventh Circuit Court of Appeals explained:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

Id. at 607. See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH, 2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same). If plaintiff elects to proceed with this action by filing a third amended complaint, the court strongly cautions him to carefully consider which defendants and claims to include before drafting his pleading. The court will not serve a third amended complaint that suffers from the same defects as plaintiff's amended and second amended complaints. Nor will the court allow plaintiff to bundle dozens of potential causes of action into one.

      Also, insofar as plaintiff wishes to pursue a retaliation claim in this action, he is advised that under the First Amendment, prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes v. Robinson, 408 F.3d

559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so. See id. at 568. In this regard, the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. However, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000). In any third amended complaint plaintiff elects to file, he will need to clarify his allegations to satisfy these five basic elements of a retaliation claim.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: April 4, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr2069.14am(2)