1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEON E. MORRIS,

11              Plaintiff,              No. CIV S-10-2069 GEB DAD P

12        vs.

13   TIM VIRGA, et al.,

14              Defendants.             <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.

18                        **SCREENING REQUIREMENT**

19        The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

24   U.S.C. § 1915A(b)(1) & (2).

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

10  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

11  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

12  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

13  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          The Civil Rights Act under which this action was filed provides as follows:

18        Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

19        deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

20        law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3       Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8  allegations concerning the involvement of official personnel in civil rights violations are not

9  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10              **PLAINTIFF'S SECOND AMENDED COMPLAINT**

11      In his second amended complaint, plaintiff has identified more than thirty-five

12  defendants at CSP-Sacramento, including the warden, sergeants, lieutenants, correctional

13  officers, correctional counselors, medical personnel, and mail room staff.  He asserts numerous

14  claims against the prison officials, including retaliation, conspiracy, failure to protect, inadequate

15  medical care, improper double-celling, and so on.  Plaintiff summarily alleges that the defendants

16  have violated his constitutional rights all because he has previously filed inmate appeals against

17  them at some point during his incarceration.  (Sec. Am. Compl. 5-5N.)

18                           **DISCUSSION**

19      The court will dismiss plaintiff's second amended complaint and grant him leave

20  to file a third amended complaint that complies with the Federal Rules of Civil Procedure and the

21  instructions provided herein.  This will be the final such opportunity the court will provide

22  plaintiff.  As an initial matter, as the court previously advised plaintiff, this court will not allow

23  him to proceed in this action against dozens of defendants when his claims against those

24  defendants are wholly unrelated to one another.  See Fed. R. Civ. P. 18(a).  Plaintiff may pursue

25  multiple claims against a single defendant, but he may not pursue unrelated claims against

26  different defendants.  See George v. Smith, 507 F.3d 605 (7th Cir. 2007).  In George, a state

3

prisoner sued twenty-four persons who had played some role in his confinement and alleged

numerous violations of his constitutional rights.  In reviewing plaintiff's "mishmash complaint,"

the Seventh Circuit Court of Appeals explained:

> The controlling principle appears in Fed. R. Civ. P. 18(a):  "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party."  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).  George was trying not only to save money but also to dodge that rule.  He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

Id. at 607.  See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both

commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-

10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in

Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with

Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH,

2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same).  If plaintiff elects to proceed with this

action by filing a third amended complaint, the court strongly cautions him to carefully consider

which defendants and claims to include before drafting his pleading.  The court will not serve a

third amended complaint that suffers from the same defects as plaintiff's amended and second

amended complaints.  Nor will the court allow plaintiff to bundle dozens of potential causes of

action into one.

Also, insofar as plaintiff wishes to pursue a retaliation claim in this action, he is

advised that under the First Amendment, prisoners have a constitutional right to file prison

grievances and pursue civil rights litigation in the courts.  See Rhodes v. Robinson, 408 F.3d

559, 567 (9th Cir. 2005).  Prison officials may not retaliate against prisoners for doing so.  See id. at 568.  In this regard, the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68.  However,  a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."  Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).  In any third amended complaint plaintiff elects to file, he will need to clarify his allegations to satisfy these five basic elements of a retaliation claim.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleading no longer serves any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint is dismissed;

2.  Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5

1               3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2  civil rights action.

3  DATED: April 4, 2012.

4

5                                  _____

6  DAD:9                          DALE A. DROZD
    morr2069.14am(2)            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26