UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM VIRGA et al.,<br><br>　　　　　Defendants. | No.  2:10-cv-2069 GEB DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g).  Plaintiff has filed an opposition to that motion.

**BACKGROUND**

Plaintiff is proceeding on his third amended complaint against defendants Turner, Whitted, Maksi, Biggs, Striegel, Green, Crawford, Guffee, Cruz, Low, Hernandez, and Brown. In his third amended complaint, plaintiff asserts a series of allegations against defendants that appear to state cognizable claims for relief for retaliation under the First Amendment.  (Third Am. Compl. at 5-5F.)

/////

/////

1

**ANALYSIS**

Defendants move to revoke plaintiff's IFP status pursuant to the three-strikes rule of 28 U.S.C. § 1915 based on their contention that courts have dismissed three or more of plaintiff's civil actions or appeals as frivolous, malicious, or for failure to state a claim. (Defs' Mot. at 3-7 & Req. for Judicial Notice Exs. A-F.) The court disagrees and will address each of the six lawsuits and appeals that defense counsel has characterized as "strikes":

(1) Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D. Cal. May 3, 2002), was dismissed for failure to state a cognizable claim for relief. (Defs.' RJN Ex. A.) The court finds that this case constitutes a strike for purposes of § 1915(g).

(2) Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D. Cal. July 29, 1998), was dismissed on Younger abstention and ripeness grounds. (Defs.' RJN Ex. B.) The court finds that this case does not constitute a strike for purposes of § 1915(g). See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) ("[W]e conclude that Congress intended for the three-strikes rule to count 12(b)(6) dismissals but not 12(b)(1) dismissals."). The abstention and ripeness doctrines go to the court's subject matter jurisdiction and not to whether a claim is cognizable for purposes of Rule 12(b)(6).

(3) Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000), was dismissed because the order plaintiff challenged was neither final nor appealable. (Defs.' RJN Ex. C.) The court finds that this case does not constitute a strike for purposes of § 1915(g). See Silva v. Di Vittorio, 658 F.3d 1090, 1099 (9th Cir. 2011) (dismissal of an appeal "must be final before it counts as a 'strike' for § 1915(g) purposes."). Plaintiff's premature appeal in this case was not final.

(4) Morris v. Lushia, No. C 00-56600 (9th Cir. Sept. 27, 2002), was dismissed because plaintiff did not pay the filing fee (i.e., for "failure to prosecute"). (Defs.' RJN Ex. D.) The court finds that this case does not constitute a strike for purposes of § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Under these circumstances, failure to prosecute an appeal is not a qualifying ground under § 1915(g).

/////

1           (5) <u>Morris v. Woodford</u>, No. C 06-15869 (9th Cir. May 5, 2006), the Ninth
2 Circuit submitted plaintiff's appeal to the screening panel and it summarily affirmed the
3 judgment. (Defs.' RJN Ex. E.) Although another Magistrate Judge in this court has found
4 summary affirmance on appeal constitutes a strike, <u>see</u> Case No. 2:09-cv-2486 GEB CKD
5 P, the undersigned is not persuaded based on defendants' motion and supporting exhibits
6 that summary affirmance in this particular prior action brought by plaintiff is the
7 equivalent of the Ninth Circuit dismissing the appeal on the grounds that the appeal was
8 frivolous, malicious, or failed to state a claim. Moreover, even if summary affirmance
9 and this prior action brought by plaintiff constitute a strike, defendants have not identified
10 three strikes by plaintiff. At most, they have identified two even were this case to count as
11 one.

12           (6) <u>Morris v. Woodford</u>, No. C-08-15965 (9th Cir. Apr. 23, 2008), was dismissed
13 because plaintiff did not pay the filing fee (i.e., for "failure to prosecute"). (Defs.' RJN
14 Ex. F.) The court finds that this case does not constitute a strike for purposes of §
15 1915(g). <u>See</u> <u>Andrews</u>, 398 F.3d at 1122. As noted above, under these circumstances,
16 failure to prosecute an appeal is not a qualifying ground under § 1915(g).

17 In short, defendants have not demonstrated that plaintiff has incurred three strikes under
18 28 U.S.C. § 1915 prior to filing this action.[1] Accordingly, the court will recommend that
19 defendants' motion to revoke plaintiff's IFP status be denied.

20                                              **OTHER MATTERS**

21 In support of the pending motion to revoke plaintiff's IFP status, defendants have filed a
22 request for judicial notice of case records from plaintiff's prior causes of action. It is well

---

[1] This court has recently determined in two of plaintiff's other cases before this court that he is not "struck out" for purposes of § 1915(g) because two of his prior cases, which defendants rely on as strikes in the pending motion, do not constitute strikes. <u>See</u> <u>Morris v. Daly</u>, Case No. 2:12-cv-2845 LKK JFM (PC) (E.D. Cal. July 5, 2013) (reversing previous orders denying plaintiff leave to proceed in forma pauperis because <u>Morris v. Silvers</u>, No. C 98-1381 BTM (LAB) (S.D. Cal. July 29, 1998) and <u>Morris v. Lushia</u>, No. C 00-56600 (9th Cir. Sept. 27, 2002) do not constitute strikes); <u>Morris v. Guffee</u>, Case No. 2:13-cv-1171 TLN KJN P (E.D. Cal. Oct. 22, 2013) (deferring to Judge Karlton's analysis in <u>Morris v. Daly</u> and vacating the "three strikes" finding in the case).

3

1   established that a court may take judicial notice of court records.  See MGIC Indem. Co. v.

2   Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.

3   1980).  Accordingly, the court will grant defendants' request.

**CONCLUSION**

IT IS HEREBY ORDERED that defendants' request for judicial notice (Doc. No. 27) is granted.

IT IS HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) (Doc. No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b) (l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 25, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr2069.57

4